UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 03-62225-CIV-COHN/SNOW

DRESDNER BANK AG IN HAMBURG,
KREDITANSTALT FUR WIEDERAUFBAU and
NORDDEUTSCHE LANDESBANK-
GIROZENTRALE,

        Plaintiff,

VS.

ZERVAVI SERVIZI MARITIMI, SRL

        Defendant
_____/



FILED by ___ D.C.

OCT 1 0 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA. FT LAUD

## FINAL JUDGMENT TAXING COSTS

THIS CAUSE is before the Court upon Defendant's Bill of Costs, affidavit and attachments thereto [DE 431]. The Court has carefully reviewed the bill of costs, affidavit and supporting exhibits and is otherwise fully advised in the premises. The Court notes that the Defendant's Bill of Costs was mailed to Plaintiff's counsel on September 15, 2006, but no response has been received to date.

Title 28 U.S.C. § 1925 provides for the allowance and taxation of costs in admiralty and maritime cases under the rules of the Supreme Court and acts of Congress. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford

Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). "In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co, 482 U.S. 437, 445 (1987). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant seeks costs in this case totaling $1,603.04 which includes $1,331.00 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in this case, $80.84 for printing and binding, and $191.20 for postage costs.

Title 28 U.S.C. § 1920 expressly allows for the recovery of stenographer and printing expenses. However, it does not allow for the recovery of postage costs. Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996). Therefore, the $191.20 Defendant paid to Federal Express for postage is not recoverable.

Accordingly, it is **ORDERED AND ADJUDGED** that judgment for costs is hereby entered in favor of Defendant Zernavi Servizi Maitimi, SRL, and against Plaintiff Dresdner Bank AG in Hamburg, Kreditanstal Fur Wiederaufbau. Defendant shall

recover $1,411.84, plus interest thereon at the rate of 4.90% per annum from the date of this Final Judgment Taxing Costs, for which let execution issue;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of October, 2006.

JAMES I. COHN
United States District Judge

Copies furnished to:

All counsel of record