UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 03-62225-CIV-COHN/SNOW

DRESDNER BANK AG IN HAMBURG,
KREDITANSTALT FUR WIEDERAUFBAU and
NORDDEUTSCHE LANDESBANK-
GIROZENTRALE,

                    Plaintiffs,

vs.

STEAMSHIP MUTUAL
UNDERWRITING ASSOCIATION
(BERMUDA) LTD., *et al.*

                    Intervening Plaintiffs,

vs.

THE M/V OLYMPIA VOYAGER, *in rem*,
OLYMPIC WORLD CRUISE, INC.,
*in persomam*,

                    Defendants.
_____/

## AMENDED FINDINGS RE: AMOUNT OF STEAMSHIP'S MARITIME LIEN

**THIS CAUSE** is before the Court upon the Eleventh Circuit's September 27,

2006 Order vacating this Court's Judgment as to Steamship Mutual Underwriting

Association (Bermuda) Ltd. ("Steamship") and remanding for further proceedings to re-

calculate the amount of Steamship's lien.  The Court has carefully considered the

September 27, 2006 Order, Dresdner Bank AG in Hamburg, Norddeutsche

Landesbank-Girozentrale, and Kreditanstalt Für Weideraufbau ("Banks") Proposed

Findings Regarding the Amount of Steamship Lien [DE 440], Steamship's Response

[DE 441], and the Bank's Reply thereto [DE 443], Steamship's Proposed Findings on Remand Relating to the Quantum of Its Maritime Lien for Pre-Arrest Insurance [DE 439], and the underlying record in this matter, and is otherwise fully advised in the premises.

I.  BACKGROUND

On December 16, 2003, the Banks filed an action *in rem* to foreclose a preferred ship mortgage and for breach of the Loan Facility Agreements against M/V Olympia Voyager (the "Vessel"), a vessel owned by Olympic World Cruises ("OWC").  The Banks had the vessel arrested and obtained a default judgment against it.  This Court ordered the Vessel sold at auction where it was purchased by the Banks.  As a condition of the sale, this Court ordered the Banks to defend any claims against the Vessel, *in rem*.  A number of parties intervened in the action including Steamship, a mutual insurance association that provided protection and indemnity insurance to the Vessel.  On March 8, 2004, Steamship intervened and filed a claim *in rem* asserting a maritime lien for unpaid insurance premiums.

After conducting a bench trial to adjudicate the claims of all Intervening Plaintiffs, the Court determined that the total amount of Steamship's preferred maritime lien was $61,186.15.  The Court also awarded Steamship $3,661.72 in prejudgment interest. Steamship appealed from the Final Judgment.  On appeal, Steamship argued 1) that the Court improperly held that the vessel's arrest cut short the accrual of Steamship's maritime lien; and 2) that the Court improperly calculated the lien by including only those amounts invoiced at the time of arrest rather than the total amount of insurance provided before the arrest.  The Eleventh Circuit rejected Steamship's first argument,

but agreed with the second.  Specifically, the Eleventh Circuit found that "[t]he amount of Steamship's lien should equal the total value of insurance Steamship <u>provided</u> to the vessel before its arrest."  <u>Dresdner Bank AG v. M/V Olympia Voyager</u>, 465 F.3d 1267, 1277 (11th Cir. 2006) (emphasis in original).  As such, the Eleventh Circuit vacated this Court's Final Judgment as to the amount of Steamship's lien and remanded for further proceedings to re-calculate the amount of the lien in light of the principles set forth in the September 27, 2006 Order.

<u>II.  ANALYSIS</u>

This Court ordered the Banks and Steamship to file proposed findings regarding the amount of Steamship's lien [DE 438].  As reflected in the parties' proposed findings [DEs 439 & 440, respectively], the parties agree that the total amount of the maritime lien for insurance provided during policy years 2001, 2002 and 2003 prior to the vessel's arrest, after deducting credits already paid, is $274,770.11.[1]

The parties disagree, however, as to what portion of the total should be classified as a preferred lien.  Steamship argues that it is entitled to a preferred lien of $274,770.11.  The Banks argue that, at most, $3,461.68 could outrank the Banks' mortgage because this is the amount of insurance premiums provided to the Vessel while it was inside the United States.  The Banks argue that the remaining premiums, $271,308.43, would rank lower than the Banks' Preferred Ship Mortgage.

As stated above, this Court was tasked on remand to recalculate the amount of

---

[1] Since the parties stipulate to this amount, the Court need not make detailed findings regarding the actual amount due.  The Court herein adopts the calculation presented in Steamship's Proposed Findings [DE 439].

Steamship's lien to include the total amount of insurance provided to the Vessel before its arrest.  The Eleventh Circuit did not order this Court to revisit its decision to award Steamship a preferred mortgage lien for the total amount of its lien, nor did the Banks raise this issue on appeal.  The Banks did not cross-appeal any part of this Court's findings including the determination that "Steamship is the holder of a maritime lien superior to that of the maritime lien based on the Preferred Ship Mortgage Lien held by Plaintiff Banks."  (Findings of Fact and Conclusions of Law [DE 373], p. 35.)  Therefore, the Court will not revisit this decision herein.  The Court agrees with Steamship's proposed findings.  Steamship is entitled to a preferred lien in the amount of $274,770.11.  Further, Steamship is entitled to pre-judgment interest from the date of the individual Remittance Advices as calculated in this Court's initial Final Judgment [DE 381] and post-judgment interest pursuant to 28 U.S.C. § 1961 accruing from January 12, 2005, the date this Court issued the initial Final Judgment in this matter.

## III.  CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Steamship is entitled to judgment of $274,770.11, plus pre-judgment and post-judgment interest, on its Verified Complaint *In Rem*.  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, final judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 12th day of January, 2007.

JAMES I. COHN
United States District Judge

Copies furnished to:
All Counsel of Record